# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JACK BROWN and JACK BROWN )
BUICK, INC., )
 )
      Plaintiffs, )
 )
v. ) No. 06 C 3339
 )
NEW YORK LIFE INSURANCE CO., )
Et al., )
 )
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant New York Life Insurance Company's ("NYL") partial motion to dismiss. For the reasons stated below, we deny the partial motion to dismiss in its entirety.

## BACKGROUND

Plaintiffs Jack G. Brown ("Brown") and Jack Brown Buick, Inc. ("JBB") allege that they purchased insurance policies from NYL sometime prior to the 1980s. According to Plaintiffs, in the early 1980s, NYL's agent, Defendant Curtis Schultz ("Schultz"), met with Brown and another JBB employee to discuss the purchase of new life insurance policies for JBB. Schultz allegedly convinced Brown and the

1

other JBB employee to purchase new policies and to take advantage of a program offered by NYL called the Premium Offset Proposal ("POP Program"). Under the POP Program, Plaintiffs were allegedly required to surrender or borrow against the value of their existing policies and use that value to purchase new policies. Schultz allegedly indicated that the new policies would have greater death benefits, cash values, and surrender values than the previous policies. According to Plaintiffs, Schultz made misrepresentations concerning how the POP Program operated and regarding the benefits that Plaintiffs would receive by joining the POP Program.

Plaintiffs allege that they regularly paid premiums on the new policies ("Policies") that were purchased under the POP Program and thought they were fully paid up until they received premium notices in 1999 ("1999 Notices"). Plaintiffs also claim that between 1999 and 2003 they received additional notices for premiums. According to Plaintiffs, each time they received a notice they contacted Schultz for an explanation. When Plaintiffs contacted Schultz on each occasion, he allegedly made further false assurances and contacted NYL to have the premiums reduced. As a result of Schultz's alleged misrepresentations, Plaintiffs claim that there are substantial loans that have been taken against the Policies, the Policies have little cash value, and the Policies have little value at the death of an insured after the payment of outstanding loans. Plaintiffs also allege that Schultz was trained by NYL to mislead NYL customers in order to lure them into the POP program.

Plaintiffs brought the instant action and include in the amended complaint a

breach of contract claim (Count I), a fraud claim (Count II), a negligent misrepresentation claim (Count III), a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/1 *et seq.* (Count IV), and an unjust enrichment and constructive trust claim (Count V). NYL has now moved to dismiss Counts II, III, IV, V, and the breach of contract claim to the extent that it is based upon an oral contract.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a

3

motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle*, 144 F.3d at 455, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

NYL argues that Plaintiffs' claims in Counts II, III, IV, and V of the amended

complaint and the breach of an oral contract claim are time-barred by the statute of limitations for the claims.

I. Challenged Claims in Motion

We first note that NYL fails to clearly delineate what claims it is challenging in its motion to dismiss. Although NYL repeatedly indicates that it is seeking a dismissal of Counts "II, III, IV, and V," NYL also mentions in its memorandum that one untimely claim is "Plaintiffs' amended claims for breach of oral contract . . . ." (N. Mem. 1). However, none of the above Counts contain a specifically labeled breach of contract claim. NYL does not explain whether it meant to refer to Count I, which does allege a breach of contract claim based upon "oral and written contracts," (A. Compl. Par. 33, 35), or whether NYL is seeking to challenge another separate breach of contract claim alleged, but not properly named within one of the other counts or general sections of the amended complaint. Since NYL has not offered any explanation on this point, we shall not speculate that NYL is seeking to challenge some unnamed breach of contract claim that is perceived by NYL to be alleged in the amended complaint. We conclude that NYL is seeking to challenge the breach of contract claim contained in Count I of the amended complaint to the extent that it is based upon an oral contract.

II. Timeliness of Claims

NYL argues that all of Plaintiffs' claims, other than the breach of a written contract claim, are time-barred. In regards to the Fraud Act claim, the statute of limitations is determined by 815 ILCS 505/10a which provides that such actions for damages "shall be forever barred unless commenced within 3 years after the cause of action accrued . . . ." 815 ILCS 505/10a(e). In regards to the other claims in the amended complaint, under Illinois law, except in limited instances, "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within *5 years* next after the cause of action accrued." 735 ILCS 5/13-205(emphasis added). Pursuant to the discovery rule, a cause of action accrues "when the plaintiff 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994)(quoting *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981)); *Parks v. Kownacki*, 737 N.E.2d 287, 294 (Ill. 2000)(quoting *Knox*, 430 N.E.2d 976).

In the instant action, NYL argues that the allegations in the complaint show that Plaintiffs knew or should have known in 1999 about Defendants' alleged misconduct when Plaintiffs received the 1999 Notices. Under NYL's reasoning, the statute of limitations period would have started to run in 1999 and the instant action was filed in state court on May 17, 2006, which was after the three and five year

statute of limitations deadlines in 2002 and 2004.

A. Improper Inferences and Failure to Consider Whole Amended Complaint

NYL oversimplifies the facts presented in the amended complaint and makes references only to portions of the complaint and inferences that are most favorable to NYL as a Defendant. As is indicated above, the standard for a motion to dismiss is the reverse. The allegations must be construed in the light most favor of Plaintiffs. *Thompson*, 300 F.3d at 753. NYL points to the allegations in the complaint that acknowledge that: 1) Plaintiffs received the 1999 Notices, 2) Plaintiffs then contacted Schultz to inquire the reason for the notices, and 3) Schultz told the Plaintiffs that they needed to pay the premiums. (N. Mem. 5). NYL then asserts without further analysis that those three allegations conclusively show that Plaintiffs had notice of all of Defendants' alleged misconduct in 1999 and that the claims accrued in 1999. (N. Mem. 5). However, NYL improperly attempts to view a select number of facts and view them in a light most favorable to NYL in order to infer that Plaintiffs were aware of their situation in 1999. In actuality, if we were not to construe the allegations in a manner most favorable to NYL, such statements in and of themselves do not establish conclusively that Plaintiffs had knowledge or should have had knowledge in 1999 of Defendants' alleged misconduct. Also, the entire scope of NYL's analysis is limited to three allegations that are all contained in the same paragraph in the amended complaint and fails to consider the possible

7

inferences that should be drawn in light of the totality of the allegations in the amended complaint. Plaintiffs do in fact offer other allegations, such as that although Schultz told them to pay the premium in 1999, he "further advised Jack Brown and/or Terrence Brown" regarding how to "avoid additional premium payments . . . ." (A. Coml. Par. 24). Plaintiffs also allege that in 1999 and afterwards they allegedly continued to contact Schultz and he "would communicate with the company to have the premiums adjusted." (A. Compl. Par. 25). Plaintiffs contend that in 1999 Schultz indicated that he would contact NYL "to see if he could get the premium reduced to be more in line with the agreement of the parties." (A. Compl. Par. 23). Plaintiffs also allege that Schultz made false statements such as that the interest on the loans being used to pay the premiums would be tax deductible. (A. Compl. Par. 24). The complaint also alleges an ongoing scheme of misinformation on the part of Schultz from the beginning of the POP program. The precise details concerning the alleged misrepresentations made by Schultz are not contained in the amended complaint and are not required to be at the pleadings stage of these proceedings. It is not clear from such allegations precisely what knowledge Plaintiffs possessed concerning the alleged misconduct by Defendants. One reasonable inference from such allegations is that through the alleged misrepresentations of Schultz, Defendants were able to delay Plaintiffs' recognition of their predicament until much later than 1999.

### B. Premature Nature of Motion

Additionally, NYL's arguments in the instant motion are premature because Defendants attempt to show that the claims in the instant action are untimely by reaching beyond the allegations in the amended complaint and pointing to other evidence. It is generally improper to determine in a motion to dismiss analysis if a claim was brought within a statute of limitations period because "a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(stating that "a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). The exception to this general rule is situations where "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Id.*

NYL argues that since Plaintiffs admit to repeatedly receiving notices for premium payments between 1999 and 2003, Plaintiffs could not reasonably have relied upon Schultz's representations. (N. Reply 6). However, such a determination regarding reasonable reliance requires more facts and an inquiry into the evidence, which is beyond the pleadings in the amended complaint. NYL acknowledges that after 1999, there were "repeated discrepancies between what Schultz allegedly assured plaintiffs and the premium notices" and thus NYL acknowledges that Schultz was making statements to Plaintiffs that were contrary to the message conveyed in the premium notices. (N. Reply 6). NYL also admits that Schultz was

9

its agent. (N. Mem. 2). Thus, we cannot simply conclude out of hand that Plaintiffs' reliance on Schultz's assurances was unreasonable. Whether or not, as NYL contends, Schultz's assurances that contradicted the premium notices should have "raised a red flag" for Plaintiffs is not a matter that can be determined solely on the pleadings before the court, which do not contain a complete picture of all the surrounding facts. (N. Reply 6).

In the instant action, Plaintiffs have alleged facts that indicate that they might have been misled concerning Defendants' alleged misconduct even after 1999. Plaintiffs certainly have not pled themselves out of court by conclusively establishing that they had knowledge in 1999, particularly since the allegations indicate that NYL's own agent was making false assurances contrary to NYL's current position. Thus, NYL has not pointed to sufficient allegations in the amended complaint to conclusively show that Plaintiffs' claims are time-barred. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that a claim can only be dismissed as untimely if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense"); *Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003)(reversing district court that dismissed a case as untimely, stating that "[d]ismissal under Rule 12(b)(6) was therefore premature")(stating further that at the summary judgment stage there would have been a "more complete factual record," but that at the pleading stage "the question is only whether there is *any* set of facts that if proven would establish a defense to the

statute of limitations" and concluding that in that case the "possibility exist[ed]")(emphasis in original).

In *Hollander v. Brown*, 457 F.3d 688 (7th Cir. 2006), the Seventh Circuit agreed with a district court's finding that a plaintiff had pled herself out of court by providing allegations that showed that her claims were untimely. *Id.* at 695. However, based on the pleadings before us at this juncture, the instant action is distinguishable from *Hollander*. In *Hollander*, the Seventh Circuit concluded that although it was "irregular" to resolve a statute of limitations defense on a motion to dismiss, the district court properly dismissed the plaintiff's claims as untimely. *Id.* The plaintiff's claims in *Hollander* were based upon a specific incident in April 1988 when the plaintiff was attacked. *Id.* at 690. The Seventh Circuit held that the plaintiff was aware that she had been injured on the date of the attack and she merely failed to fully comprehend the full extent of her injuries until later. *Id.* at 693. The Court affirmed the district court's holding that the statute of limitations period began on the date of the attack and that plaintiff had pled herself out of court. *Id.* at 695.

In contrast, in the instant action, there is no single concrete event presented in the amended complaint that delineates when Plaintiffs knew that they had been harmed. Plaintiffs acknowledge that they received the 1999 Notices, but Plaintiffs also allege that Schultz continued to attempt to convince them that the situation could be remedied. Thus, the instant action is distinguishable. In *Hollander*, the court also concluded that the equitable tolling doctrines were not applicable because

11

the plaintiff alleged that a "threat of violence, rather than a misrepresentation, prevented her from filing suit." *Id.* at 695. In contrast, in the instant action, Plaintiffs allege that they delayed the filing of the instant action due to Schultz's misrepresentations. Thus, based on the pleadings before us, the instant action is distinguishable from *Hollander*.

NYL also argues that the statute of limitations in the instant action was not tolled under the equitable doctrines. However, whether the statute of limitations was tolled and whether the equitable doctrines permitting such tolling are applicable in the instant action involve an analysis that is beyond the allegations contained in the amended complaint that is before us. For instance, one consideration for such doctrines is whether Defendants actively deceived or otherwise prevented Plaintiffs from filing the instant action. *See Hollander*, 457 F.3d at 694(explaining equitable doctrines). In the instant action, we are merely at the pleadings stage, and as is indicated above, Plaintiffs were not required to plead their case in anticipation of defenses such as the statute of limitations defense. *See United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)(explaining that "complaints need not anticipate and attempt to plead around defenses" such as a statute of limitations defense).

### C. Concession Regarding Fraud Act Claim

NYL contends that, at least in regard to the Fraud Act claim, "plaintiffs

conceded that their claims for violations of the Illinois Consumer Fraud Act are time-barred and should be dismissed." (Reply 2). However, Plaintiffs made no such concession and NYL has failed to provide any citation to the record to support their position. Although Plaintiffs did not specifically reference the Fraud Act claim in their answer, Plaintiffs assert in their answer that the causes of action pled in their amended complaint are timely. (Ans. 6). Plaintiffs also contend in their answer that their claims began to run "as late as 2003," (Ans. 6), which makes it possible that the filing of the instant action in 2006 was within the three-year statute of limitations period. Thus, NYL incorrectly asserts that Plaintiffs have conceded that the Fraud Act claim is time-barred. Therefore, based on all of the above, we deny NYL's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny NYL's partial motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 17, 2006

13